GENS & TIEDE, Appellants, v. HARGADINE, McKITTRICK & Co. *et al.*, Respondents.

Kansas City Court of Appeals, April 27, 1891.

1.  **Fraudulent Conveyances**: PARTICIPATION OF VENDEE: INSTRUC-
    TIONS.   In an action by a purchaser of a stock of goods against
    the creditor of the vendor, who had attached them in the hands
    of the purchaser, for damages for such attachment, the defense
    was that the sale was intended to hinder, delay or defraud the
    vendor's creditors.   *Held,* an instruction which omitted to include
    the hypothesis of the purchaser's participation in the fraudulent
    intent was reversible error.

2.  **Damages**: NOMINAL: TRESPASS: RETURN OF GOODS.   If the owner
    of goods receives them back from the trespasser uninjured, his
    damages are nominal; but, where he receives neither his goods
    nor their value from the trespasser, an instruction for nominal
    damages is error.

*Appeal from the Gasconade Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*J. W. Zevely* and *Silver & Brown,* for appellants.

(1)  The instruction, numbered 1, as asked by plaintiff, should have been given; it stated the correct rule for the measurement of damages.   *Walker v. Borland,* 21 Mo. 289; *Watson v. Harmon,* 85 Mo. 443; *Stevens v. Springer,* 23 Mo. App. 375, 385; *State v. Bacon,* 24 Mo. App. 403. The plaintiffs under the above cases might properly have asked an instruction for punitive damages.   The instruction asked by plaintiff was authorized and proper.   The facts in evidence authorized them to maintain the suit and to recover. The case is governed by that of *Clark v. Brott,* 71 Mo. 473.   (2)  The instruction of the court, on its own

motion, permitting recovery by plaintiff of only nominal damages, was erroneous. Authorities, *supra.* ( 3 ) Instructions, numbered 3 and 5, given for defendants, were erroneous. They authorized a recovery by defendants regardless of Culberson & Hull's knowledge of the alleged fraudulent purpose of Gens & Tiede, and, therefore, did not state the law correctly. *Hausman v. Hope,* 20 Mo. App. 193 ; *Frederick v. Allgaier,* 88 Mo. 958 ; *Anderson v. Sexton,* 95 Mo. 373.

*J. C. Kiskaddon,* for respondents. .

( 1 ) The plaintiffs in this case must recover, if at all, on the allegations of their petition. They must recover as assignees of Culberson & Hull, and not in their own right. *Cabanne v. Skinker,* 56 Mo. 357 ; *Kemp v. Foster,* 22 Mo. App. 643; *Stix v. Matthews,* 75 Mo. 56. ( 2 ) Where, however, the owner receives back the goods levied upon, or their equivalent, the loss of the use of the goods, or any special damage to the goods while they are out of his possession, or what he is compelled to pay to get his goods back, is the measure of damages. *Bank v. Leavitt,* 17 Pick. ( Mass.) 1 ; *Bates v. Clark,* 95 U. S. 204; *Barrelett v. Bellgard,* 71 Ill. 280 ; *Railroad v. Fullerton,* 79 Ala. 298 ; *Case v. Railroad,* 75 Mo. 668 ; *Baker v. Freeman,* 9 Wend. ( N. Y.) 36 ; *Alexander v. Helber,* 35 Mo. 334. After having received back the goods or their equivalent in cash and notes, all the damages Culberson & Hull had suffered was the loss of the use of the goods, and this was the only damages they could recover. If they failed to show what such use was worth, they could only recover nominal damages. There has been a total failure in this case to show what the use of the goods was worth from the date of the levy until Culberson & Hull received back their equivalent. *Barrelett v. Bellgard,* 71 Ill. 280 ; *Hayes v. Delzel,* 21 Mo. App. 670 ; *Niewitz v. Ass'n,* 5 Mo. App. 59. And the subsequent written assignment to Gens & Tiede transferred only these nominal damages.

For, at the time of sale under the attachment, Culberson & Hull did not own the goods sold. They were then owned by Gens & Tiede, and the sale of the goods was the conversion of Gens & Tiede's goods, and not of the goods of Culberson & Hull. Gens & Tiede ought, therefore, to have brought an action for the conversion of their own goods, and not as assignees of a right of action for the conversion of Culberson & Hull's goods. *Smith v. Kennett*, 18 Mo. 154. (3) Instructions 3 and 5, when taken in connection with the other instructions given, are not erroneous. Instruction 3 merely declares that fraud may be shown by circumstantial evidence. Instruction 5 expressly refers to the other instructions for guidance, and must be understood by referring to them.

ELLISON, J.—Plaintiffs were merchants doing a retail business in the town of Chamois. They became indebted. They sold and delivered their stock, valued at $3,289.77, to Culberson & Hull, taking in payment $300 cash, and the balance in notes. Several days after this sale, defendant Cox, as sheriff, seized the goods under an attachment against plaintiff, the other defendants having instituted the suit as creditors of plaintiff. The goods were afterwards sold by the sheriff, but before the sale the following occurred between plaintiff and Culberson & Hull: Culberson & Hull agreed that, if Gens & Tiede would give them back their notes, they, Gens & Tiede, could take their interest in the goods and their claim for damages arising from the trespass. Afterwards a written assignment of the cause of action was made by Culberson & Hull to Gens & Tiede, these plaintiffs. Plaintiffs did not pay back the $300 cash, which had been paid them at the original sale, as Culberson & Hull had received that amount in sales of goods after their purchase and before the seizure by the sheriff. Culberson & Hull also added goods to the

stock before it was seized, and for these, defendants settled with them. The defense was made that the original sale from plaintiff to Culberson & Hull was intended to hinder, delay or defraud creditors, which intent was charged to have been participated in by the latter. The court by instructions 3 and 5 omitted to include the hypothesis of Culberson & Hull participating in the fraudulent design or intent, and for this reason we will reverse the judgment which was obtained by defendants.

On the measure of damages the court instructed the jury that if plaintiffs prevailed they could only recover nominal damages. This instruction ought not to be repeated on another trial. Defendants justify it on the ground that as plaintiffs sue as assignees of Culberson & Hull, and as the latter got back the amount they paid for the goods, they have not been damaged, We do not believe such defense is tenable. It is quite true that if the owner of property receives it back from the trespasser, and no damages are occasioned by the use of it, that the damages to the owner for trespass will be merely nominal. But here neither the goods nor their value was received from the trespassers. They have done nothing whereby they have expiated their wrong or even mitigated it. They are in no position to claim, and have no right to claim, relief because of the transaction which occurred between plaintiffs and Culberson & Hull. The case is this : Gens & Tiede sold their property to Culberson & Hull. It is wrongfully taken by defendants from Culberson & Hull, and the latter afterwards (though the property is in the hands of the sheriff) sell back to Gens & Tiede, together with their claim for damages for the trespass. So far as the legal question is concerned, the matter could be better illustrated by eliminating these plaintiffs from the transaction. Suppose Culberson & Hull had sold their interest in the goods and cause of action to some stranger to the affair for the same price they originally paid these

plaintiffs. Would the fact that they had gotten the same amount of money they had paid out relieve defendants? Plaintiffs can well say that they saw that Culberson & Hull had a cause of action, the value of which was measured by the value of the goods taken, with interest, and they, therefore, conclude to buy.

The foregoing sufficiently disposes of the case, and we reverse the judgment and remand the cause. GILL, J., concurs; SMITH, P. J., not sitting.